# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLEDITH N. KINCAID,**
**Claimant Below, Petitioner**

**vs.)  No. 14-1226** (BOR Appeal No. 2049463)
(Claim No. 2006018357)

**ALCON, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Cledith N. Kincaid, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcon, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 27, 2014, in which the Board affirmed a May 8, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2013, decision granting Mr. Kincaid a 20% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Kincaid worked for Alcon, LLC, and was injured on November 10, 2005. He was climbing down from a truck and holding on to a handle for support when the handle broke and caused him to fall. The claim was held compensable for numerous conditions.[1] On January 1, 2013, the claims administrator granted Mr. Kincaid a 20% permanent partial disability award,

---

[1] The evidentiary record does not clearly list what conditions are compensable.

and on appeal, he is requesting a 57% permanent partial disability award. Mr. Kincaid underwent three independent medical evaluations. First, Joseph E. Grady, M.D., evaluated Mr. Kincaid and recommended 8% impairment for the cervical spine, 0% impairment for the thoracic spine, and 13% impairment for the lumbar spine for a total of a 19% permanent partial disability award. However, Dr. Grady subsequently submitted a letter that stated when using the Combined Values Chart of the American Medical Association's *Guides to the Evaluation of Permanent Impairment,* (4th ed. 1993) his impairment recommendation should be a 20% permanent partial disability award instead of the 19% he initially recommended. Second, Joseph A. Snead, M.D., found 13% lumbar spine impairment, 16% cervical spine impairment, and 40% impairment for neurological deficits and combined these for a total of 57% whole person impairment. Third, Christopher Martin, M.D., opined that the medical evidence does not support that an injury-related impairment exists in this case and concluded that the 20% already awarded was grossly in excess of what should in fact be 0% impairment for this minor trauma.

The Office of Judges affirmed the claims administrator's decision and found that the record establishes a credible, preponderant evidentiary foundation that Mr. Kincaid has incurred a 20% permanent partial disability award due to the injury of November 10, 2005. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Kincaid disagrees and asserts that the Board of Review erred in failing to grant him a 57% permanent partial disability award based upon the report of Dr. Snead. Alcon, LLC, maintains that Mr. Kincaid was properly awarded a 20% permanent partial disability based on the independent medical evaluation of Dr. Grady.

The Office of Judges found that Dr. Grady's report is the most credible report on the issue of Mr. Kincaid's permanent partial disability award. It concluded that Dr. Snead's report was inappropriately inflated. The portion of Dr. Snead's report providing an impairment rating for a neurological deficit improperly combined an impairment rating obtained using the diagnosis related estimate method from Table 73 of the American Medical Association *Guides* with West Virginia Code of State Rules § 85-20-Table C (2006) in violation of West Virginia Code of State Rules § 85-20-64.1 (2006), which states that all permanent partial disability assessments shall be determined utilizing the range of motion method contained in the AMA Guides 4th Edition in conjunction with West Virginia Code of State Rules § 85-20. The Office of Judges also concluded that Dr. Martin's apparent skepticism concerning the severity of the injury and the compensable components detract from affording his narrative any determinative, evidentiary weight. Therefore, the Office of Judges stated that Dr. Grady's impairment recommendation was the sole, credible report on this issue and affirmed the claims administrator's grant of 20% permanent partial disability award. The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the findings and conclusions of the Board of Review. The Office of Judges correctly discredited Dr. Snead's report for improperly combining a rating using the diagnosis related estimate method from Table 73 of the AMA *Guides* with West Virginia Code of State Rules § 85-20-Table C. Dr. Snead's impairment recommendation method violates West Virginia Code of State Rules § 85-20-64.1. In addition, this Court has invalidated the use of the diagnosis related estimate method in *Repass v. Workers' Compensation Division*, 212 W.Va. 86,

569 S.E.2d 162 (2002). Dr. Snead is the only physician who found Mr. Kincaid to have a neurological deficit. Dr. Snead further found that Mr. Kincaid is almost a paraplegic and recommended 40% impairment for neurological difficulty which is rather high especially when the other physicians found no impairment recommendation for neurological deficit. Dr. Martin noted in his report that Mr. Kincaid was not almost paraplegic and in fact even drove himself to the visit. The Office of Judges also correctly discredited Dr. Martin's report because of his skepticism concerning the severity of the injury and the compensable conditions. In addition, Dr. Martin classified Mr. Kincaid's injury as minor trauma but in fact Mr. Kincaid's injury resulted in many compensable conditions one of which resulted in a right L4-5 hemilaminectomy, foraminotomy, and microdiscectomy on August 26, 2011. Therefore based on Dr. Grady's report which is the only credible report in evidence, Mr. Kincaid was correctly awarded a 20% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II